UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
RONALD RAY & PAUL GILCHRIST,

            Plaintiffs,

        -against-

DANIEL CHOUEKA, et al.,

            Defendants.
```

15-cv-04651 (JSR)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.

On September 25, 2015, the Court entered default judgment in favor of plaintiffs Ronald Ray and Paul Gillcrist against several defendants including Paul Lambert and Jonas Nielson.[1] Now before the Court is the motion of defendants Lambert and Nielson to vacate the default judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) on the ground that they were never properly served and, accordingly, that the judgment is void for lack of personal jurisdiction. For the reasons stated below, the motion is GRANTED.

I.   Background

In 2015, plaintiffs Ronald Ray and Paul Gillcrist sued several defendants, including Paul Lambert and Jonas Nielson, in a diversity action alleging breach of contract and unjust

---

[1]   Unless otherwise indicated, references to "defendants" herein encompass only Lambert and Nielson, not the other defendants named in this action who have not joined in the instant motion for relief from the judgment.

enrichment. After all of the defendants failed to appear and the Clerk issued a certificate of default, this Court entered a default judgment on September 25, 2015, in the amount of $992,650.00, inclusive of costs. Dkt. No. 27.

The affidavits of service that accompanied the motion to enter a default judgment indicated that defendants Lambert and Nielson were served at 11 E. 44th St., 19th Floor, New York, NY 10017 (the "44th Street Address"), care of the law firm Eilenberg & Krause LLP, and that the papers were accepted by one "Roberta Liebowitz." Dkt. Nos. 29-1, 29-2. Confusingly, the complaint in this action alleged that defendants' "usual place of business" was 535 Fifth Ave., New York, NY, 10017 (the "Fifth Avenue Address"), Complaint ¶¶ 4-5, Dkt. No. 30-1, and plaintiffs' motion for entry of a default judgment was accompanied by an affidavit of plaintiff's counsel stating service was effectuated at the Fifth Avenue Address (although the accompanying certificates of service contained the 44th Street Address). Dkt. No. 29-7 ¶ 5.

Lambert and Nielson claim that they did not learn of this action, or the judgment entered against them, until 2023, at which point they filed the instant motion pursuant to Federal Rule of Civil Procedure 60(b)(4), seeking relief from the judgment on the ground that they were never properly served. In support of their motion, Lambert and Nielson each submitted a declaration stating they were "not present with regularity" and did not "regularly

transact business at" either the 44th Street address listed in the affidavit of service or the Fifth Avenue Address identified in the complaint. Declaration of Jonas Nielson ("Nielson Decl.") ¶¶ 1, 3, Dkt. No. 29-3; Declaration of Paul Lambert ("Lambert Decl.") ¶¶ 1, 3, Dkt. No. 29-3. The declarations acknowledged they had been to the 44th Street Address "two or three times," but made clear the visits had never been to conduct "personal business." Nielson Decl. ¶ 4; Lambert Decl. ¶ 4. They further declared that they had never been personally represented by Eilenberg & Krause LLP, and had never authorized this law firm, or Roberta Leibowitz, to accept service on their behalf. Nielson Decl. ¶¶ 5-6; Lambert Decl. ¶¶ 5-6.

Also accompanying defendants' motion was a declaration of Adam Eilenberg, a member of the law firm Eilenberg & Krause LLP. See Declaration of Adam Eilenberg ("Eilenberg Decl.") ¶ 1, Dkt. No. 29-5. Eilenberg confirmed that his firm maintained offices at the 44th Street Address at the time service was effected, but explained that his firm never represented Neilson or Lambert personally and was never authorized to accept service on their behalf. Id. ¶¶ 3-4. Eilenberg further indicated that Roberta Leibowitz was never employed by his firm, and that she instead worked for another, here irrelevant subtenant at the 44th Street Address. Id. ¶ 5.

In response to the motion, plaintiffs contended that service was properly effectuated because, they claim, Eilenberg & Krause LLP represented defendants, were authorized to accept service on their behalf, and that Ms. Liebowitz was a representative of Eilenberg & Krause LLP. See Affidavit of Frank Taddeo ("Taddeo Aff.") ¶ 7, Dkt. No. 30. The only evidence plaintiffs offered to support these contentions, however, are the bald assertions of plaintiffs' counsel made without personal knowledge, in an affidavit filed in opposition to defendants' motion. Id. Plaintiffs additionally argued that while the Lambert and Nielson declarations indicate Eilenberg & Krause LLP never represented them "personally," both defendants conceded that they had been to the firm's offices, leaving open the possibility some other professional or other agency relationship may have existed. Id. ¶¶ 4, 8.

The Court held oral argument on defendants' motion on June 7, 2023, and, in light of the ambiguities in the declaration noted by the plaintiffs, held a further evidentiary hearing on July 11, 2023, at which Nielson and Lambert appeared (remotely, with the Court's permission) and testified, inter alia, that they had never authorized Eilenberg & Krause LLP, or Ms. Lebowitz, to accept service on their behalf. See July 11, 2023, Hearing Transcript.

II.  <u>Legal Standard</u>

Under Federal Rule of Civil Procedure 60(b)(4), a district court may relieve a party from a final judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4). "A default judgment obtained by way of defective service is void <u>ab initio</u> and must be set aside as a matter of law." <u>Voice Tele Servs., Inc. v. Zee Telecoms Ltd</u>., 338 F.R.D. 200, 202 (S.D.N.Y. 2021).[2] "This is because a Court must have personal jurisdiction over a defendant to enter a default judgment, and personal jurisdiction requires proper service of process." <u>Singh v. Meadow Hill Mobile Inc</u>., No. 20-CV-3853 (CS), 2023 WL 3996867, at *3 (S.D.N.Y. June 14, 2023); <u>see also</u> <u>Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.</u>, 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). "Plaintiff has the burden of demonstrating that service was proper." <u>Lin v. Grand Sichuan 74 St. Inc</u>., No. 15-CV-2950 (RA), 2022 WL 195605, at *4 (S.D.N.Y. Jan. 21, 2022).[3]

---

[2]  Unless otherwise indicated, in quoting cases all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

[3]  Plaintiffs argue that defendants, as the movants, should bear the burden of proof, Taddeo Aff. ¶ 4, but the two cases plaintiffs cite for this proposition are unpersuasive.  One case stands for the proposition that defendant bears the burden of proof only where the defendant "had notice of the original action," <u>Int'l Hous. Ltd. v. Rafidain Bank Iraq</u>, 712 F. Supp. 1112, 1114 (S.D.N.Y.),

Plaintiffs further contend that "to determine whether to grant a motion to vacate a default judgment, a district court needs to consider: (1) the willfulness of the default; (2) the existence of a meritorious defense, and (3) prejudice to the non-defaulting party." Taddeo Aff. ¶ 10. But the cases plaintiffs cite for that assertion are inapplicable where, as here, the motion for relief from judgment is based on Rule 60(b)(4). "Unlike the other provisions of Rule 60(b), courts have no judicial discretion when considering a jurisdictional question such as the sufficiency of process." Singh, 2023 WL 3996867, at *3; see also Sartor v. Toussaint, 70 F. App'x 11, 13 (2d Cir. 2002) (Summary Order) ("When a judgment entered against the defaulting party is void, the Court has no discretion and is compelled to grant the motion for the reason that a void judgment cannot be enforced. A judgment is void for lack of personal jurisdiction over the defendant where service of process was not properly effected.").

---

rev'd in part, appeal dismissed in part, 893 F.2d 8 (2d Cir. 1989), and the other acknowledges that this question was unsettled at the time it was decided and has since been superseded by more recent decisions reaching a contrary result, see Miller v. Jones, 779 F. Supp. 207, 210 (D. Conn. 1991). Plaintiffs have not established defendants had actual knowledge of the complaint at the time the default judgment was entered, a fact plaintiffs appear to concede in a letter to the court dated July 13, 2023. Regardless, even assuming, arguendo, that defendants bear the burden to establish service was not effective, the Court finds they have met that burden here.

6

III. <u>Discussion</u>

Federal Rule of Civil Procedure 4(e) governs the manner in which a person within the United States must be served. Two portions of the Rule are potentially relevant here, although, as explained below, the Court ultimately concludes that neither apply and service was not properly effected.

*First*, pursuant to New York Civil Practice Law and Rules ("CPLRA") 308 -- made applicable by Federal Rule of Civil Procedure 4(e)(1) -- service may be effectuated by delivering a copy of the summons to a person's "actual place of business." N.Y. C.P.L.R. 308(2); *see also* Fed. R. Civ. P. 4(e)(1) (providing service may be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"). To be a person's "actual place of business" the person must be "physically present [there] with regularity, and that person must be shown to regularly transact business at that location." <u>Selmani v. City of New York</u>, 100 A.D.3d 861, 861 (N.Y. App. Div. 2012).

Here, there is no evidence that the 44th Street Address where service occurred was defendants' actual place of business. Nielson's and Lambert's uncontradicted declarations, corroborated by their wholly credible testimony, make clear they had only been to that address a handful of times, and there is no evidence in the record that either defendant regularly conducted business

there. <u>See</u> Nielson Decl. ¶¶ 3-4; Lambert Decl. ¶¶ 3-4; July 11, 2023, Hearing Transcript. In fact, even plaintiffs' own complaint in this action appears to support this conclusion, alleging that Neilson's and Lambert's usual place of business is the Fifth Avenue Address. <u>See</u> Compl. ¶¶ 4-5, Dkt. No. 30-1. Accordingly, the Court finds the requirements of CPLR 308(2) have not been met.

*Second*, as noted, plaintiffs' principal argument appears to be that service was properly effectuated on Eilenberg & Krause LLP as agents of defendants authorized to accept service on their behalf. Federal Rule of Civil Procedure 4(e)(2)(C) provides service may be effectuated by "delivering a copy of [the summons and complaint] to an agent authorized by appointment or by law to receive service of process" on defendant's behalf. Fed. R. Civ. P. 4(e)(2)(C).

The record demonstrates that the individual who accepted service at the 44th Street Address -- Roberta Liebowitz –– was not authorized to accept service on behalf of either Lambert or Nielson. Both defendants stated in their declarations, and credibly confirmed in their testimony, that at no point did they ever know anyone named Roberta Liebowitz, let alone authorize Ms. Liebowitz to accept service on their behalf. Lambert Decl. ¶ 6; Nielson Decl. ¶ 6; July 11, 2023, Hearing Transcript. While plaintiffs argue (without evidence) that Ms. Liebowitz was "clearly [Eilenberg & Krause LLP's] representative," Taddeo Aff.

¶ 7, this assertion is contradicted by the declaration of Mr. Eilenberg, which explained that Ms. Liebowitz was not employed by his firm, but instead by another (here irrelevant) subtenant in the same building. Eilenberg Decl. ¶ 5.

Even assuming Ms. Liebowitz had been a representative of Eilenberg & Krause LLP, that would still be insufficient to establish service was proper. The declarations of Lambert, Nielson and Eilenberg indisputably attest that Eilenberg & Krause LLP did not represent Nielson or Lambert in their personal capacity. Lambert Decl. ¶ 5; Nielson Decl. ¶ 5; Eilenberg Decl. ¶ 3. During the evidentiary hearing held by this court, Lambert and Nielson subsequently clarified under oath that Eilenberg & Krause LLP did not represent them in a professional or other capacity. See July 11, 2023, Hearing Transcript. And even were their evidence of an attorney-client relationship between Eilenberg & Krause LLP and defendants, that would still be insufficient, absent some indication the firm was authorized to accept service on defendants' behalf, of which there is no evidence whatsoever. See Santos v. State Farm Fire & Cas. Co., 902 F.2d 1092, 1094 (2d Cir. 1990)("[S]ervice of process on an attorney not authorized to accept service for his client is ineffective."). But see In re Kalikow, 602 F.3d 82, 92 (2d Cir. 2010)(concluding parties' lawyer was implicitly authorized to accept service where attorney repeatedly filed papers on defendant's behalf in same and other proceedings).

The Court therefore concludes that service was not properly effectuated as to Lambert and Nielson and, accordingly, that the default judgment against them is void and must be vacated as to these two defendants. The Court furthers orders that, if plaintiffs wish to continue this action against these two defendants, proper service be made within 30 days of the date of the entry of this Order. Failure to do so will result in dismissal of the complaint as to these two defendants pursuant to Federal Rule of Civil Procedure 4(m).

SO ORDERED.

Dated:    New York, NY

     July 25, 2023

                                JED S. RAKOFF, U.S.D.J.